# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| RALPH MUNCY AND RITA D. MUNCY, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 1:14CV00016 |
| v. | )<br>) **OPINION**<br>)<br>) By: James P. Jones |
| CENTEX HOME EQUITY COMPANY, L.L.C., ET AL., | ) United States District Judge<br>)<br>) |
| Defendants. | ) |

*Ralph Muncy and Rita D. Muncy, Pro Se Plaintiffs; Brian E. Hanna, McGuireWoods LLP, Richmond, Virginia, for Defendants.*

The plaintiffs, proceeding pro se, have filed this action against their former mortgage lender pursuant to the diversity jurisdiction of this court, seeking rescission of a foreclosure and damages as a result of alleged fraud and other actionable conduct by the lender. The defendant has filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), contending that the Complaint fails to state a claim upon which relief can be granted. For the following reasons, I will grant the motion.

I.

In considering a motion under Rule 12(b)(6), I must accept as true the factual allegations of the Complaint. Those allegations are as follows.

Ralph and Rita D. Muncy were the owners of real property located in this judicial district ("the property"), and had owned it without encumbrance since 1997. In December 2002, "due to a family emergency," the Muncys obtained a mortgage loan secured by the property from defendant Nationstar Mortgage, LLC, ("Nationstar")[1]. (Compl. ¶ 16, ECF No. 3.) The Muncys allege that they "did not possess an income that was sufficient to justify" this mortgage. (*Id*.)

In April 2005, for home improvements, the Muncys obtained a second mortgage loan from Nationstar at an adjustable interest rate. Nationstar loan officer David Slayton forgot to include the "Notification for Virginia Mortgage Loan Applicants" and "various other documents" in the previously executed closing documents for this loan, and when Mr. Muncy was not available, "Slayton [ ] coaxed Plaintiff Rita D. Muncy to commit fraud and sign [and backdate] the remaining closing documents in Plaintiff Ralph Muncy's place." (*Id.* ¶ 18.) Again, the couple alleges that they had insufficient income to justify the loan.

Subsequently, the Muncys "faced hardships that caused them to experience financial difficulty and fall behind in their loan payment." (*Id.* ¶ 19.) In August 2005, Nationstar contacted the Muncys and "advised they apply for another refinance to bring the loan current," and threatened to foreclose if they failed to

---

[1] Although the plaintiffs also named Centex Home Equity Company, LLC, ("Centex") as a defendant, Centex changed its name to Nationstar Mortgage, LLC, in July of 2006 (Compl. ¶ 22, ECF No. 3) so that they are one and the same and will be referred to in this Opinion as Nationstar.

satisfy all late payments.  (*Id.*)  That same month, the Muncys obtained a third mortgage loan from Nationstar; they aver they also had insufficient income to justify this obligation.

The plaintiffs allege that Nationstar failed to explain the terms of the third loan and hurried them into applying for and obtaining it.  They were also never provided the assistance of a loan officer or representative during the processing of the final loan.  Despite the refinancing, the Muncys fell further behind on the mortgage payments.

On December 1, 2010, Nationstar offered to modify the third loan, reducing the interest rate, in exchange for a payment of $2,690.  The modification reduced the interest of the third loan from its adjustable rate to a rate of 2.25 percent for a fixed two year period, "before abruptly resetting to 10.85% at the close of the two (2) year period, causing [the plaintiffs] to be unable to afford the mortgage payments."  (*Id.* ¶ 23.)  The loan fell into default.

By correspondence dated August 22, 2013, Nationstar gave notice of a foreclosure sale.  On September 10, 2013, as scheduled, the property was sold at auction.  Nationstar has thereafter attempted to obtain possession of the property by an action in state court.

II.

The plaintiffs have asserted ten separate causes of action, including alleged statutory violations of the Federal Trade Commission Act ("FTCA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Virginia Consumer Protection Act ("VCPA"), as well as nonstatutory claims of violation of due process; unlawful foreclosure; fraud and misrepresentation; negligence, and equitable estoppel.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the pleader has properly stated a cognizable claim. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As the Fourth Circuit has explained,

> The plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." It requires the plaintiff to articulate facts, when accepted as true, that "show" that the plaintiff has stated a claim entitling him to relief, i.e., the "plausibility of 'entitlement to relief.'"

*Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (citations omitted).[2]

---

[2] The plaintiffs are proceeding pro se, and "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations marks and citation omitted). However, the

The defendant has moved to dismiss several of the claims on the basis that their respective statutes of limitations ran before the filing of this action. Because a challenge based on the statute of limitations must be raised by the defendant through an affirmative defense, it is only possible to decide a statute of limitations defense on a Rule 12(b)(6) motion to dismiss "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). As such, all facts necessary to the defense must "clearly appear[ ] on the face of the complaint." *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993).

Accordingly, I have not relied upon the statute of limitations defenses made by the defendant in ruling on its Rule 12(b)(6) motion, particularly where other valid grounds for dismissal existed.

---

pleadings here appear to have been prepared by an attorney, and under these circumstances, courts have been hesitant to adopt a liberal construction. *See Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1223 (D. Haw. 2010) ("[I]n light of the assistance Plaintiff received from counsel, the Court will not liberally construe [the pleadings] as it normally would for a pro se party.").

III.

A.

In their First Cause of Action, the plaintiffs contend that Nationstar violated the FTCA by unlawfully engaging in "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1).

"The FTCA, however, does not contain a private right of action and cannot provide a basis for a claim by an individual plaintiff." *Reilly v. Bank of Am.*, No. 3:13-cv-329-RJC-DSC, 2014 WL 198315, at *2 (W.D.N.C. Jan. 15, 2014). *See also Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) ("[P]rivate litigants may not invoke the jurisdiction of the federal district courts by alleging that defendants engaged in business practices proscribed by [the statute]."); *Am. Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir. 1992) ("[T]here is no private right of action under [the FTCA].").

For this reason, the plaintiffs' FTCA claim will be dismissed.

B.

In their Second Cause of Action, the plaintiffs allege that, "in connection with the collection of debts, [Nationstar] directly or indirectly use[d] false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e." (Compl. ¶ 38, ECF No. 3.) The plaintiffs allege that that the defendant violated the relevant provision of the FDCPA by "[f]alsely claiming that [the plaintiffs'] income qualified [them] for refinancing options," and

by "[f]alsely claiming that a refinance would financially benefit [them] and prevent foreclosure proceedings." (*Id.*)

The FDCPA is intended to regulate the collection practices of "debt collectors," defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Explicitly exempted from the definition is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." *Id.* § 1692a(6)(F)(iii). As such, "debt collectors do not include consumer's creditors, mortgage servicing companies, or assignees of debt, so long as the debt was not in default at the time it was assigned." *Ramirez-Alvarez v. Aurora Loan Servs., LLC*, No. 01:09cv1306, 2010 WL 2934473, at *5 (E.D. Va. July 21, 2010). Nationstar undisputedly claims that it originated the debt in question, and thus it does not qualify as a debt collector for purposes of the FDCPA.

The plaintiffs respond that "[f]ederal courts have an extensive history in finding such mortgage servicing companies as considered being debt collectors as defined by the FDCPA." (Pls.' Mem. Opp'n Mot. Dismiss 8, ECF No. 16.) In

-7-

support of this argument, the defendants cite *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453 (6th Cir. 2013), where the Sixth Circuit held that a mortgage foreclosure was "debt collection" under the FDCPA. *Id*. at 461-62. However, the court came to this conclusion by determining that a lawyer qualifies as a debt collector when "his principal business purpose is mortgage foreclosure or if he 'regularly' performs this function." *Id.* at 464. The court also held, however, that mortgage servicing companies that obtain a loan *before* default are not "debt collectors" under the FDCPA. *Id*. at 457. Because Chase Home Finance was servicing the mortgage before default, it did not qualify as a debt collector, but because the law firm hired by Chase was tasked with foreclosing on the already-defaulted property, it was a "debt collector" for purposes of the FDCPA.

The plaintiff has cited additional case law on the subject but all contained the same key distinguishing fact — mortgage servicers held liable under the FDCPA obtained the underlying loan after it was in default or treated it as such. In *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355 (6th Cir. 2012), it is true that the loan was not in default at the time of acquisition, but the defendant mortgage servicer *treated* the loan as if it were in default at the time of acquisition. The court found: "FDCPA coverage is based upon actual or merely alleged debt. Thus, a debt holder or servicer is a debt collector when it engages in collection activities on a debt that is not, as it turns out, actually owed." *Id*. at 361-62. The court held

-8-

Case 1:14-cv-00016-JPJ-PMS   Document 18   Filed 07/09/14   Page 8 of 17   Pageid#: 424

"that the definition of debt collector pursuant to § 1692a(6)(F)(iii) includes *any non-originating debt holder* that either acquired a debt in default or has treated the debt as if it were in default at the time of acquisition." *Id.* at 362 (emphasis added).

The plaintiffs contend that they present "a stronger case," because "there is no dispute that the mortgage was in default and Defendant attempted to collect the defaulted debt." (Pls.' Mem. Opp'n Mot. Dismiss 9, ECF No. 16.) However, the operative fact is not whether the debt has at any time defaulted but whether it was defaulted at the time it was obtained by the servicer. Because the facts alleged show that the mortgage loan originated with the defendant, and that it was not acquired as a defaulted debt, these cases are inapposite.

The facts alleged show that the defendant is not a "debt collector" for purposes of the FDCPA, and this claim will be dismissed.

C.

In Causes of Action Three and Five, the plaintiffs allege that Nationstar violated the VCPA. Claim Three sets forth a violation of Va. Code Ann. § 59.1-200 for mispresenting "that refinancing options which resulted in [the second loan] and [the third loan] were in [the plaintiffs'] best interest to avoid foreclosure proceedings," (Compl. ¶ 42, ECF No. 3) and for misrepresenting "that [the plaintiffs'] income supported the loans." (*Id.*) Claim Five sets forth a violation of Va. Code Ann. § 59.1-200.1 based on Nationstar's "coaxing Plaintiffs into

-9-

Case 1:14-cv-00016-JPJ-PMS   Document 18   Filed 07/09/14   Page 9 of 17   Pageid#: 425

procuring mortgage loans and refinancing options that their loan applications clearly indicated [their] income could not afford." (*Id.* ¶ 52.)

The VCPA excludes from coverage "mortgage lenders," Va. Code Ann. § 59.1-199, which is elsewhere[3] defined as "any person who directly or indirectly originates or makes mortgage loans." Va. Code Ann. § 6.2-1600; *see Jefferson v. Briner, Inc.*, No. 3:05-CV-652, 2006 WL 1720692, at *10 (E.D. Va. June 21, 2006) (Defendants "are entitled to judgment on the VCPA claim because mortgage lenders are exclusively regulated by the State Corporation Commission and not subject to oversight by private parties in an action such as this."). Because the facts alleged establish that Nationstar originated the mortgage loans, the plaintiffs cannot maintain an action against it under the VCPA.

The VCPA claims will be dismissed.

### D.

The plaintiffs allege in their Fourth Cause of Action a violation of their right to due process, insofar as they "were not provided with adequate notice of the impending foreclosure sale." (Compl. ¶ 47, ECF No. 3.) However, the Fifth Amendment is applicable only to state action and a nonjudicial foreclosure proceeding, such as occurred here, does not constitute state action. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 98 (1978) (concluding there was no state

---

[3] Va. Code Ann. § 6.2-1600 defines terms in reference to the Mortgage Lender and Broker Act.

action when creditor enforced lien through private, nonjudicial sale); *Crooked Creek Props., Inc. v. Hutchinson*, 432 F. App'x 948, 949 (11th Cir. 2011) (unpublished) ("The due process claim . . . is meritless because a foreclosure sale by a private mortgagee does not involve state action.").

The due process claim will be dismissed.

E.

In their Sixth Cause of Action, the plaintiffs assert that the defendant unlawfully foreclosed upon the property "[b]y failing to identify the beneficiary in the notice of foreclosure sale" and "[b]y engaging in behavior that constitutes 'equity stripping' by manipulating Plaintiffs to procure loans secured by [the property], and in effect, lowering the equity attributed to [the property]." (Compl. ¶ 59, ECF No. 3.)

The defendant counters that Virginia does not recognize a cause of action for wrongful foreclosure and relies upon a statement to that effect in *Pham v. Bank of N.Y.*, 856 F. Supp. 2d 804 (E.D. Va. 2012). *Pham* bases this conclusion on *Sheppard v. BAC Home Loans Servicing, LP*, No. 3:11-cv-00062, 2012 WL 204288 (W.D. Va. Jan. 24, 2012), but *Sheppard* only contains the weaker conclusion that "it is unclear whether Virginia even recognizes the tort of wrongful foreclosure." *Id.* at *8. However, the plaintiffs provide no Virginia case law in support of a tort action for wrongful foreclosure.

Instead, in their response to the Motion to Dismiss, the plaintiffs attempt to transform their claim into a statutory violation. The plaintiffs contend that because "there are undeniable guidelines that mortgage lenders, mortgage servicers, and trustees must follow when conducting foreclosures . . . , the Court should [ ] consider Plaintiffs' actual allegations against Defendant and not focus on whether or not a general 'wrongful foreclosure' action exists." (Pls.' Mem. Opp'n Mot. Dismiss 12, ECF No. 16.) In support of this argument, the plaintiffs cite Va. Code Ann. § 55-59.1, which concerns the required notice before a sale in execution of a deed of trust. However, under section 55-59.1(A), "[t]he inadvertent failure to give notice as required by this subsection shall not impose liability on either the trustee or the secured party." The plaintiffs do not allege an intentional failure to give notice, and in fact, the only defect in notice alleged — failure to identify the beneficiary — is not required by this provision.

For these reasons, the cause of action for unlawful and attempted foreclosure will be dismissed.

F.

In the Seventh and Ninth Causes of Action, the plaintiffs present claims based upon alleged false representations. The defendant contends that these claims have not been pleaded with the particularity required by Federal Rule of Civil Procedure 9(b).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Lack of compliance with the pleading requirements of Rule 9(b) is treated as a failure to state a claim under Rule 12(b)(6). *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999). In particular, "the circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id*. at 784 (internal quotation marks and citation omitted).

Moreover, claims of fraud and misrepresentation require an allegation of reasonable reliance on allegedly false and material statements. *See, e.g.*, *Bailey v. Grass*, Nos. LP-2758-1, LM-2731-4, 2004 WL 3000944, at *3 (Va. Cir. Ct. June 24, 2004) ("A claim of fraud must allege reasonable reliance on the defendants' misrepresentation by the plaintiff."); *Anthony v. Verizon Va., Inc.*, 758 S.E.2d 527, 534 (Va. 2014) (recounting "the elements of common law fraud: [A] false representation of a material fact; made intentionally, in the case of actual fraud, or negligently, in the case of constructive fraud; reliance on that false representation to [plaintiff's] detriment; and resulting damage.") (internal quotation marks and citation omitted).

-13-

In support of their claim for fraud, the plaintiffs aver that Nationstar "misrepresented material facts, knowing that its representations were false and by making their representations without reasonable grounds, with the intent that Plaintiffs would rely on their misrepresentations, all to Plaintiffs' harm." (Compl. ¶ 67, ECF No. 3.) The Complaint only identifies the actors as "heretofore unidentified employees and agents" of Nationstar. (*Id.* ¶ 68.) The plaintiffs allege that Nationstar perpetrated fraud by "falsely asserting that refinancing was in Plaintiffs' best interests to avoid foreclosure proceedings," and by "falsely asserting that Plaintiffs' income could support its refinance options." (*Id.* ¶ 69.)

The plaintiffs' contention that the fraudulent conduct is "described with specificity in the factual allegations of this claim" is incorrect. (*Id.*) The only relevant specific factual allegations are that in August 2005, Nationstar "again approached [the plaintiffs] and advised they apply for another refinance to bring the loan current," (*id.* ¶ *19*), and that Nationstar "failed to explain the terms of THIRD LOAN" during its processing. (*Id.* ¶ 20.) The Complaint also contains an allegation that a Nationstar loan officer "coaxed" Mrs. Muncy into forging her husband's signature on a 'Notification for Virginia Mortgage Loan Applicants.' (*Id.* ¶ 18.)

In support of their claim for misrepresentation, it is similarly alleged that Nationstar made a misrepresentation by "falsely asserting that refinancing was in

Plaintiffs' best interests to avoid foreclosure proceedings." (*Id.* ¶ 77.) Again, the factual allegations do not supplement this claim with any more specificity.

Because the plaintiff has only presented conclusory allegations in support of these claims for false statements, and no allegation of reasonable reliance on any material misrepresentations, they will be dismissed. However, I will allow the plaintiffs leave to amend these claims in order to state with particularity the time, place, contents, and agents of the defendant who made the misrepresentations, as well as any specific facts showing reasonable reliance and materiality.

G.

In Cause of Action Eight, the plaintiffs contend that Nationstar owed them a duty "[g]iven [the defendant's] possession of the security instrument referred to as the Deed of Trust and [its] ability to implement foreclosure proceedings," (*id.* ¶ 73), and that Nationstar breached that duty "by coaxing Plaintiffs into procuring mortgage loans and refinancing options that [their] income clearly indicated [they] could not afford." (*Id.* ¶ 74.)

Virginia tort law does not recognize duties derived solely from contractual agreement. *Pierce v. Wells Fargo Bank*, No. CL11-1373, 2012 WL 9735354, at *3-4 (Va. Cir. Ct. Jan. 6, 2012) ("Plaintiffs allege that a duty of care arises from contractual dealings with professionals and Well Fargo voluntarily assumed that duty when it agreed to modify Plaintiffs' mortgage. . . . Tort law is not designed to compensate plaintiffs for breaches of duties assumed by contractual

-15-

relationships."). The plaintiffs' factual allegations are not sufficient to support a common law duty, and as such, the claim of negligence will be dismissed.

H.

The plaintiffs seek in Cause of Action Ten to prevent the defendant from asserting any right to foreclose or take possession of the property, under the doctrine of equitable estoppel. Under Virginia law, however, the plaintiff cannot bring a cause of action for equitable estoppel. *See Bohannon v. Riverton Inv. Corp.*, No. 92-216, 1993 WL 945938, at *4 (Va. Cir. Ct. Feb. 1, 1993) ("Equitable estoppel usually operates as a shield, as opposed to a sword, and it does not of itself create a new right or give a cause of action.") (internal quotation marks and citation omitted); *Nasser v. WhitePages, Inc.*, No. 5:12cv00097, 2014 WL 55783, at *3 (W.D. Va. Jan. 7, 2014) (The plaintiff "cannot assert [an] equitable estoppel claim because, although the doctrine is recognized in Virginia, it is not a cause of action but rather an affirmative defense."). Therefore, this claim will be dismissed.

IV.

For the reasons stated, I find that the Complaint fails to state a claim upon which relief can be granted. I will allow the plaintiffs leave to file an Amended Complaint as to their claims that the defendant made material misrepresentations of fact, provided that the Amended Complaint is filed no later than 14 days from the date of this Opinion.

A separate Order will be entered herewith.

                                        DATED: July 9, 2014

                                        /s/ James P. Jones
                                        United States District Judge